JOHN R. BOBAY (CSB No. 78993)
LAW OFFICES OF JOHN R. BOBAY
50 Hill Crest Court
San Anselmo, CA 94960
TEL: (415) 457.0720
FAX: (415) 366.2228
EMAIL: jrbobay@pacbell.net

MICHAEL J. PLOCKI (CSB No. 188120)
MICHAEL PLOCKI LAW GROUP
1108 Fifth Avenue, Suite 200
San Rafael, CA 94901
TEL: (415) 275.0466
FAX: (415) 329.1451
EMAIL: mplocki@plockilaw.com

Attorneys for Plaintiff
MICHAEL SULLIVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SULLIVAN, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, and THIEMAN TAILGATES, INC., et al., <br><br> Defendants. | CASE NO. 3:16-cv-03505-JST <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **{DEMAND FOR JURY}** |

Plaintiff MICHAEL SULLIVAN hereby files his First Amended Complaint and alleges as follows:

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES

**FIRST CLAIM: For Negligence**
(CACI No. 418; Ca. Evid. Code §669)

**INTRODUCTION**:

1.      This First Amended Complaint for Damages for Personal Injury is against Defendant, FORD MOTOR COMPANY, a Delaware corporation, duly authorized to do and doing business in California, as a manufacturer and/or distributor of Ford trucks and related products; and Defendant, THIEMAN TAILGATES, INC., an Ohio Corporation duly authorized to do and doing business in California, as a manufacturer and/or distributor of lift gates and related products.

2.      Plaintiff MICHAEL SULLIVAN was injured at the Santa Rita prison facility in Dublin, California, on or about April 25, 2014. The products which caused and contributed to Plaintiff's injuries include, but are not limited to, a FORD MOTOR COMPANY Diesel Truck with California License No. 28289DP and Vehicle Identification Number 1FDNF80C7WVA26521, and each and every component part thereof (hereinafter the "Subject Vehicle"), and a THIEMAN TAILGATES, INC., lift gate incorporated with the Subject Vehicle, and each and every component part thereof (hereinafter the "Subject Lift Gate").

3.      Plaintiff has suffered and continues to suffer pain, severe mental suffering, humiliation, frustration and anxiety, and has incurred and continues to incur monetary damages.

**JURISDICTION AND VENUE**:

4.      **Subject Matter Jurisdiction**: On April 25, 2016, Plaintiff, MICHAEL SULLIVAN filed his complaint in California State Court, County of Contra Costa. On June 23, 2016, Defendant THIEMAN TAILGATES, INC., removed the matter to Federal District Court based on diversity of citizenship. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332. This is a civil action between citizens of a foreign state and a citizen of

1 California, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and
2 costs.

3   5.   **Personal Jurisdiction:** This Court has personal jurisdiction over the parties to
4 this action.

5   6.   Plaintiff, MICHAEL SULLIVAN, is an individual who lives and resides in
6 Antioch, California, County of Contra Costa.

7   7.   Plaintiff is informed and believes and thereon alleges that at all relevant times,
Defendant, FORD MOTOR COMPANY, was and is a corporation organized and existing pursuant to the laws of the State of Delaware, with a principal place of business in Dearborn, Michigan, which may be served as a foreign corporation care of its registered service agent, CT Corporation System, 818 West Seventh Street, Ste. 930, Los Angeles CA, 90017.

  8.   Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant, FORD MOTOR COMPANY, was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the State of California.

  9.   Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, is and was engaged in the business of designing, manufacturing, constructing, assembling, inspecting, distributing, supplying and selling Ford Diesel Trucks, including the Subject Vehicle, and each and every component part thereof, for use in the State of California and elsewhere.

  10.   Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California, and therefore, has availed itself of the protection of the California Courts and the benefits of California law.

FIRST AMENDED COMPLAINT FOR DAMAGES

11. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has one-hundred and seventy-five (175) dealerships in the State of California, which are duly authorized agents of FORD MOTOR COMPANY and which service, solicit and sell Ford vehicles to California residents.

12. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has numerous service and repair facilities in the State of California, and employs California residents at such facilities.

13. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, actively markets its vehicles for sale in the State of California, including by use of print, radio, television, and other form of advertising for the specific purpose of targeting customers in California.

14. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, actively distributes its vehicles for sale to the State of California.

15. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, extends its manufacturer's warranty agreements to dealerships located in the State of California and to citizens of the State of California.

16. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has continuously maintained its registration with the California Secretary of State since 1920 and has regularly conducted business in the State of California since that time. (http://kepler.sos.ca.gov/)

17. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has submitted to this Court's jurisdiction by joining in the removal of this action by Defendant THIEMAN TAILGATES, INC., pursuant to 28 U.S.C § 1446(b)(2)(A). (See CIVIL DOCKET FOR CASE #: 3:16-cv-03505-JST, Docket No. 6), and consented thereto.

FIRST AMENDED COMPLAINT FOR DAMAGES

18. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has consented to this Court's jurisdiction by demanding a jury trial, and waiving any objection thereto. (See CIVIL DOCKET FOR CASE #: 3:16-cv-03505-JST, Docket No. 6.)

19. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, has unequivocally consented to jurisdiction in the State of California by litigating numerous cases without asserting any objection to personal jurisdiction.

20. Plaintiff alternatively requests leave of Court to conduct jurisdictional discovery in this case as to Defendant, FORD MOTOR COMPANY.

21. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant THIEMAN TAILGATES, INC., was and is a corporation existing under the laws of the State of Ohio, and was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the State of California.

22. Plaintiff is informed and believes and thereon alleges that the Defendant, THIEMAN TAILGATES, INC., is and was engaged in the business of designing, manufacturing, constructing, assembling, inspecting, distributing, supplying and selling lift gates, including the Subject Lift Gate incorporated with the Subject Vehicle, and each and every component part thereof, for use in the State of California and elsewhere.

23. **Venue:** Venue in the San Francisco Division for the Northern District of California is proper pursuant to 28 U.S.C. §1391(b) and under N.D. Cal. R. 3-2(c) and (d) and is founded on the facts that the events giving rise to Plaintiff's injury and causes of action arose in or around Dublin, California, which is within the judicial district for the Northern District of California.

FIRST AMENDED COMPLAINT FOR DAMAGES

24. **Intradistrict Assignment**: The San Francisco Division for the Northern District of California is the proper venue for this action. Dublin, California, where the events which give rise to the claim is located within the County of Alameda, which is within the judicial district for the Northern District of California.

**PARTIES**:

25. Plaintiff, MICHAEL SULLIVAN, is an individual who lives and resides in Antioch, California.

26. Plaintiff is informed and believes and thereon alleges that the Defendant, FORD MOTOR COMPANY, is and was engaged in the business of designing, manufacturing, constructing, assembling, inspecting, distributing, supplying and selling Ford Diesel Trucks, including the Subject Vehicle, and each and every component part thereof, which Defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

27. Plaintiff is informed and believes and thereon alleges that the Defendant, THIEMAN TAILGATES, INC., is and was engaged in the business of designing, manufacturing, constructing, assembling, inspecting, distributing, supplying and selling lift gates, including the Subject Lift Gate incorporated with the Subject Vehicle, and each and every component part thereof, which Defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

//
//
//

- 6 -
FIRST AMENDED COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**:

28. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. On or about Friday, April 25, 2014, Plaintiff delivered food products to inmates at the Santa Rita prison in Dublin, California. While exiting the back end or cargo area of the Subject Vehicle, Plaintiff stood on the Subject Lift Gate and waited to be lowered to the ground, when suddenly and without warning the Subject Vehicle, and the Subject Lift Gate incorporated therein, malfunctioned. The metal plates of said lift gate opened up causing Plaintiff's legs to drop several feet downward. The Subject Lift Gate then closed causing Plaintiff's legs to become trapped and/or wedged between the metal plates, resulting in serious injuries to Plaintiff's lower extremities, spine, and torso.

30. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant, FORD MOTOR COMPANY, and Defendant, THIEMAN TAILGATES, INC., so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed, supplied and sold the Subject Vehicle, and the Subject Lift Gate incorporated therein, that it was dangerous and unsafe for its intended uses.

31. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant, FORD MOTOR COMPANY, and Defendant, THIEMAN TAILGATES, INC., and/or its authorized agents, manufactured, directed and placed the Subject Vehicle, and the Subject Lift Gate incorporated therein, into the steam of commerce with the expectation that the Subject Vehicle would be used in the State of California.

32. Plaintiff further alleges that he was injured due to defects in the manufacture and design of the Subject Vehicle, and the Subject Lift Gate incorporated therein, and that the injuries occurred while the Subject Vehicle was being used in the State of California.

FIRST AMENDED COMPLAINT FOR DAMAGES

33. Plaintiff further alleges that Defendant FORD MOTOR COMPANY and Defendant THIEMAN AILGATES, INC., failed to warn or provided inadequate warnings and instructions, thereby causing the Subject Vehicle, and the Subject Lift Gate incorporated therein, to be unsafe for ordinary and normal use by members of the public, including Plaintiff.

34. At no time did Plaintiff know or have reason to suspect that the Subject Vehicle, and the Subject Lift Gate incorporated therein, was dangerous or unsafe for ordinary and normal use.

35. As a proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff sustained severe personal injuries, including, but not limited to, a crushed lower left leg, left foot drop, compartment syndrome, peroneal neuropathy, bilateral lower extremities, hip, and spine, and underwent a course of pain and suffering and had sustained general and special damages in amounts to be determined at trial.

36. As a proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff was and will be required to employ physicians, radiologists, orthopedists, neurologists, psychiatrists, and other specialists, hospitals, laboratories, physical therapists, laboratory technicians and other medical personnel, and incurred expenses therefor to examine, treat and care for his, and incurred additional medical expense for, hospital bills, medication, and other incidental medical expenses. The amount of Plaintiff's damages will be ascertained at trial.

37. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff has been deprived of his earnings and earning capacity and will in the future be deprived thereof. Plaintiff does not know the reasonable value thereof but prays that the same may be

FIRST AMENDED COMPLAINT FOR DAMAGES

inserted herein when ascertained.

38. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff has been and will be unable to attend to his usual domestic responsibilities requiring him to retain the services of others and third parties to perform those duties which he would otherwise normally perform himself, all to his further damage.

39. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff has been and will be unable to participate and enjoy normal activities, and has sustained the loss of his recreational days, activities and other pecuniary losses, all to his further damage. The amount of Plaintiff's damages will be ascertained at trial.

40. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff has sustained and will sustain serious and permanent injuries to his left lower leg, left foot, hip, spine, strength, and activity, severe shock to his nervous system and person, including but not limited to the loss of the use of his left leg and foot, and was caused to suffer extreme and excruciating physical and mental pain.

41. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff has suffered and continues to suffer extreme anxiety, which has severely impacted his life and caused the loss of his enjoyment of life. The Plaintiff is informed and believes and thereon alleges that said injuries will result in permanent disability, all to his general damage.

42. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact,

Plaintiff has suffered and continues to suffer serious emotional distress, including fright, horror, nervousness, grief, anxiety, shock, worry, humiliation, shame, and mental anguish, all to his further damage. The amount of Plaintiff's damages will be ascertained at trial.

43. As a further proximate and legal result of the negligence of Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., and the resulting impact, Plaintiff claims prejudgment interest. Plaintiff does not yet know the reasonable value thereof but prays that the same may be amended and stated herein when ascertained.

### **SECOND CLAIM**: **For Strict Product Liability**

44. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant FORD MOTOR COMPANY, and Defendant THIEMAN TAILGATES, INC., manufactured, distributed, sold, supplied, leased and/or furnished the aforementioned Subject Vehicle and its component parts, including the Subject Lift Gate, to Plaintiff's employer knowing that it would be used by persons such as Plaintiff without inspection for defects.

46. Plaintiff further alleges that the Subject Vehicle and its component parts, including the Subject Lift Gate, was not fit for its intended use in that it was defective as to design and manufacture, including but not limited to such defects as the lift gate failed to operate properly, and malfunctioned.

47. Defendant FORD MOTOR COMPANY, and Defendant THIEMAN TAILGATES, INC., failed to warn or provided inadequate warnings, thereby causing said product to be unsafe for ordinary and normal use by members of the public.

48. The Subject Vehicle and its component parts, including the Subject Lift Gate, furnished by Defendants failed to perform in a manner ordinarily and normally expected of it by the average consumer.

49. At all times material hereto, the aforementioned product was being used in the manner in which it was intended to be used and/or misused in a manner which was reasonably foreseeable by Defendants.

50. At no time did Plaintiff know or have reason to suspect that the Subject Vehicle, and the Subject Lift Gate incorporated therein, was dangerous or unsafe for ordinary and normal use.

51. As a proximate and legal result of these defects in Subject Vehicle and its component parts, including the Subject Lift Gate, Plaintiff was caused to suffer the injuries and damages previously set forth herein.

**THIRD CLAIM: For Negligent Infliction of Emotional Distress**
(CACI §1620)

52. Plaintiff re-alleges, and incorporates herein by reference, each and every allegation contained in Paragraphs 1 through 51.

53. At all relevant times, Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., owed affirmative duties to avoid foreseeable damages and injuries to Plaintiff. Defendants knew, or reasonably should have known, that their acts and omissions created an unreasonable risk of harm to Plaintiff.

54. Defendants breached their duties to Plaintiff by the acts and omissions hereinabove alleged. As a proximate and legal result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer serious emotional distress, including anguish, fright, horror,

nervousness, grief, anxiety, worry, shock, humiliation, and shame, all to his general and special damages in amounts to be shown according to proof at the time of trial.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, prays for judgment against Defendant FORD MOTOR COMPANY and Defendant THIEMAN TAILGATES, INC., as follows:

1. That the Defendants, and each of them, be adjudged liable to the Plaintiff for general and special damages, incidental expenses, and other damages in excess of $750,000;

2. That the Defendants, and each of them, be adjudged liable to the Plaintiff for pre- and post-judgment interest as provided by law, until paid;

3. That the Defendants, and each of them, be adjudged liable to the Plaintiff for costs of suit herein incurred; and

4. For such other and further relief as this Court may deem proper.

Dated:  July 29, 2016                    LAW OFFICES OF JOHN R. BOBAY
                                         MICHAEL PLOCKI LAW GROUP
                                         Attorneys for Plaintiff
                                         MICHAEL SULLIVAN


                                                    /s/ Michael J. Plocki
                                    By:  _____
                                           MICHAEL J. PLOCKI

//
//
//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all claims for which a jury is permitted.

Dated: July 29, 2016

LAW OFFICES OF JOHN R. BOBAY
MICHAEL PLOCKI LAW GROUP
Attorneys for Plaintiff
MICHAEL SULLIVAN

By: /s/ Michael J. Plocki
_____
MICHAEL J. PLOCKI