JOHN R. BOBAY (SBN: 78993)
jrbobay@pacbell.net
**LAW OFFICES OF JOHN R. BOBAY**
50 Hill Crest Court
San Anselmo, CA 94960
Telephone:     (415) 457-0720
Facsimile:     (415) 366-2228

MICHAEL J. PLOCKI (SBN: 188120)
mplocki@plockilaw.com
**MICHAEL PLOCKI LAW GROUP**
1108 Fifth Avenue, Suite 200
San Rafael, CA 94901
Telephone:     (415) 275-0466
Facsimile:     (415) 329-1451

*Attorneys for Plaintiff*
MICHAEL SULLIVAN

CHRISTOPHER J. NEVIS, (SBN:162812)
Christopher.Nevis@lewisbrisbois.com
NICOLE L. JONES (SBN: 247152)
Nicole.Jones@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

*Attorneys for Defendant*
THIEMAN TAILGATES, INC.

AMIR NASSIHI (SBN: 235936)
anassihi@shb.com
JOAN R. CAMAGONG (SBN: 288217)
jcamagong@shb.com
**SHOOK, HARDY & BACON L.L.P.**
One Montgomery, Suite 2700
San Francisco, California 94104-2828
Telephone:  (415) 544-1900
Facsimile:   (415) 391-0281

*Attorneys for Defendant*
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SULLIVAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY; THIEMAN TAILGATES, INC.; and DOES ONE through FIFTY, Inclusive,<br><br>    Defendants. | Case No. 3:16-CV-03505-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:          November 9, 2016<br>Time:          2:00 p.m.<br>Location:     Courtroom 9, 19th Floor |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

**1.    JURISDICTION AND SERVICE**

This case involves negligence and product liability claims against Ford Motor Company ("Ford") and Thieman Tailgates, Inc. ("Thieman") based on injuries Plaintiff sustained in California due to an alleged malfunction in the subject Ford truck and Thieman lift gate.  Both Ford and Thieman have been served.

This Court has subject matter jurisdiction under 28 U.S.C. Section 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

As further discussed in Ford's pending 12(b)(2) motion, Ford asserts that this Court lacks personal jurisdiction over it as to the claims asserted by Plaintiff.  Thieman does not dispute jurisdiction and has filed an Answer.

**2.    FACTS**

**a.    Plaintiff's Statement**

Plaintiff Michael Sullivan suffered catastrophic, leg crushing injuries while delivering food supplies to inmates at the Santa Rita prison facility in Dublin, California, on or about April 25, 2014. The products which caused and/or contributed to Plaintiff's injuries include, but are not limited to, a Ford Motor Company Diesel Truck and a Thieman Tailgates, Inc. lift gate, attached to said Ford Truck. While exiting the back end or cargo area of the Ford Truck, Plaintiff was standing on the lift gate waiting to be lowered to the ground, when suddenly and without warning the Ford Truck and the Thieman lift gate malfunctioned. The metal plates of said lift gate opened up causing Plaintiff to drop several feet downward. Plaintiff's legs became trapped and/or wedged between the metal plates, resulting in serious physical injuries to Plaintiff's lower extremities, spine, and torso.

**b.    Ford's Statement**

Ford denies that the subject Ford F800 was defective, or that a defect on the Ford F800 caused Plaintiff's damages.  The truck at issue in this lawsuit was sold by Ford as an incomplete

1

vehicle, and Ford does not manufacture or install lift-gates of the type with which the subject truck was allegedly equipped. The incomplete vehicle was then subsequently modified by a company other than Ford and substantially altered and completed to the specific requirements of the final stage manufacturer prior to sale to the initial retail customer.

### c.    **Thieman's Statement**

Thieman denies that its lift gate was defective, or that a defect to the lift gate caused Plaintiff's damages.   Thieman has no information regarding the product, its purchaser, or its installation to the subject truck at this time, as the lift gate has not yet been identified by serial number.

**3.    LEGAL ISSUES**

a.    Whether this Court has personal jurisdiction over Ford in this matter.

b.    Whether the subject truck was defectively designed and/or manufactured when first sold.

c.    If a design and/or manufacturing defect of the subject truck is found, whether such defect was a legal cause of Plaintiff's damages.

d.    Whether the subject lift gate was defectively designed and/or manufactured when first sold.

e.    If a design and/or manufacturing defect of the subject lift gate is found, whether such defect was a legal cause of Plaintiff's damages.

f.    Whether Plaintiff assumed the risk of injury.

g.    Whether Plaintiff was comparatively negligent.

h.    Whether Plaintiff's damages were caused by superseding and/or intervening causes.

i.    Whether the subject truck was modified, improperly maintained, or misused.

j.    Whether any modifications, improper maintenance, or misuse were the proximate cause of Plaintiff's damages.

k.    Whether the parties are entitled to costs or any other relief the Court deems appropriate.

**4.    MOTIONS**

Ford's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction is fully briefed and pending before this court. On October 24, 2016, this Court found Ford's Motion appropriate for disposition without oral argument and vacated the November 3, 2016 hearing accordingly. On October 7, 2016, Plaintiff filed a motion for administrative relief seeking pre-Rule 26(f) conference discovery on third party, Plaintiff's employer, Trinity Services Group, Inc. Plaintiff's motion was denied by the Court on October 14, 2016.

Ford is also meeting and conferring with the parties on a potential discovery stay as to Ford. In the event that an agreement is not reached, Ford anticipates a motion to stay discovery as to Ford until its motion to dismiss for lack of personal jurisdiction is resolved.

**5.      AMENDMENT OF PLEADINGS**

Plaintiff filed his First Amended Complaint on July 29, 2016. Plaintiff intends to amend the complaint to conform with the facts adduced through the course of proceedings herein.

**6.      EVIDENCE PRESERVATION**

Plaintiff and Thieman participated in a Rule 26(f) conference on October 19, 2016, and filed their report on October 21, 2016.

Ford chose not to participate in the October 19, 2016 conference but has discussed and set forth its discovery plan in this Joint CMC statement as contemplated by this District's Case Management Conference meet and confer requirements.

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure as well as the Standing Order for all Judges of the Northern District dated November 1, 2014 and this Court's Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have taken reasonable measures to preserve relevant documents, including ESI, that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

While Ford is proceeding with a Rule 26(f) conference (on the October 28, 2016 CMC meet and confer – the date Plaintiff requested for a CMC meet and confer) as part of this District's Case Management Conference meet and confer requirements, in an effort to preserve judicial and party resources and promote the just, speedy and inexpensive determination of this action, however, Ford

has advised Plaintiff of its objection to discovery proceeding as to Ford prior to a ruling on Ford's pending motion to dismiss for lack of personal jurisdiction.

**7.    DISCLOSURES**

Per Rule 26(a)(1)(C), initial disclosures are due on or before November 2, 2016.  Plaintiff and Thieman have agreed to serve their disclosures in compliance with this deadline.  Documents to be disclosed include:

By Plaintiff:

- Delta Medical Center  records (various);
- Reports from Dr. Benjamin Busfield, M.D. (various);
- Reports from Dr. Line Jacques (various);
- Reports from Dr. Anthony Silva (various);
- Kaiser, Antioch medical records (various);
- Trinity Personnel file;
- Workers Compensation file;
- ESI (various);
- Video;
- Photographs (various);  and
- List of witnesses (various).

By Thieman:

- Thieman's primary insurance policy.[1]

Ford respectfully requests that it be relieved of its initial disclosure obligations until resolution of Ford's motion to dismiss for lack of personal jurisdiction as stated in paragraph 6 above.  Ford would refer the Court and the parties to the section below titled: **Timing of Production of Electronic Discovery and Other Documents**.

**8.    DISCOVERY**

On October 26, 2016, Plaintiff served a subpoena for records and an inspection demand for the subject truck and tailgate on Trinity Services Group, Inc.  No other discovery has taken place.

After initial disclosures, Plaintiff anticipates discovery will include the depositions of Plaintiff; Defendants' corporate representatives; PMKs of Defendants (TBD); PMK for Plaintiff's employer Trinity Services Group, Inc., and/or Trinity personnel; and percipient witnesses (TBD).

---

[1] Until the subject lift gate is identified, Thieman cannot identify pertinent witnesses and documents to support its defenses.

Written discovery will include interrogatories; requests for admission; requests for production of documents; and supplemental discovery.

Ford refers to and incorporates its position stated in paragraph 6 above.

Otherwise, Ford states that this action arises out of an incident involving the lift gate on a 1998 F800 Diesel heavy duty truck, identified by Vehicle Identification Number ("VIN") 1FDNF80C7WVA26521. The truck at issue in this lawsuit was sold by Ford as an incomplete vehicle, and Ford does not manufacture or install lift-gates of the type with which the subject truck was allegedly equipped. Accordingly, the proper scope of discovery in this matter with respect to the subject truck and the allegations regarding the lift gate is the 1998 F800 Diesel heavy duty truck manufactured and sold by Ford as an incomplete vehicle in the United States. Ford will meet and confer with Plaintiff regarding the alleged defect in this case in an attempt to identify the type of information that may be reasonable and proportionate to identify and disclose, including electronically stored information, from Ford employees who had responsibility or involvement in the design, development and/or testing of the 1998 Ford F800.

**Method of Producing Electronic Discovery**. Electronic discovery shall be produced to the requesting party in the normal and traditional course of producing discovery. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party electronic copies of the documents in a reasonably usable form on CD, DVD, hard drive, by e-mail, or by other electronic means. Ford may also produce documents in an electronic multi-page tiff format containing viewable images and corresponding OCR text load files that will allow Plaintiff to load these materials into a standard, industry-wide desktop document management program such as Summation or Concordance.

Production formats may also include drawings in the form of tiff, jpeg, pdf files, etc. and CAD files such as IDEAS files, IDEAS NG files, CATIA, JT files, etc., or various combinations thereof. With respect to the CAD models referenced herein, Ford does not own the software to read these files. Ford does, however, use industry standard software that is commercially available to Plaintiff and their experts. Ford is contractually prohibited from reproducing the software to third

5

parties as it is proprietary to the vendor.  Ford will produce any CAD models upon the entry of an appropriate sharing protective order in this case.  Likewise, Ford will produce any CAE and MADYMO models in the format in which they are utilized or stored in the normal course of business, which may require special software not licensed by Ford to be produced to third parties. MADYMO and CAE models are produced on CDs, in their native format, which require special software not licensed by Ford to be viewed.  While Ford does not own these software programs, the programs necessary to run these models are commercially available from third parties.  Ford also notes that many consultants are available to assist Plaintiff in viewing the models at issue.  If during the pendency of this case, Plaintiff identifies certain CAD or CAE models that he cannot view, Ford agrees to meet and confer and explore alternative arrangements with Plaintiff.  The parties agree that they will provide such documents to each other in the same manner in which they provide such documents to their own outside experts; however, the parties agree to meet and confer as proprietary software programs may be implicated prohibiting their disclosure to third parties.

**Cost and Burden of Producing Electronic Discovery**.

Ford's Position

Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumption applies: To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests, except that Ford will seek reasonable reimbursement for production costs.  Ford will meet and confer regarding these costs at that time.

Plaintiff and Thieman's Position

Unless the party with the burden of bearing the costs demonstrates to the Court that the cost is overly burdensome, the following presumption applies: the producing party shall bear all production costs.

**Protective Order.**  Certain of the documents that may be produced by Ford are confidential, trade secret, or proprietary in nature, or may contain personally identifiable information.  These

documents will be produced upon the entry of an agreed-to protective order entered by the Court. Ford will propose a draft protective order to the parties following a ruling on its 12(b)(2) Motion.

**Privileged Data**.  The parties agree that there is no duty to include on the privilege log those documents created between listed counsel before the filing of the original complaint in this matter, April 25, 2016, and concerning the subject action  The parties also agree that there is no duty to include on the privilege log those documents created between listed counsel after the filing of the original complaint in this matter, April 25, 2016, and concerning the subject action.  If a party inadvertently produces information that is subject to a claim of privilege, the parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**Electronic Discovery Sources**.  At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter.  If additional issues arise not governed by this plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.  Ford discloses that it may support its claims and defenses using ESI located in, or reports generated from, the following databases: CILOG & STEST, WERS, FORDDOC, AWS, GCQIS, FMC360, CCRG, OASIS, DURIS, and/or NAVIS.

Further, Ford uses other software tools, utilized throughout the automotive industry, for the design and development of its vehicles.  Such software tools include computer aided design tools, computer aided engineering tools, and motion simulation tools.  This software may be proprietary and licensed from third-party supplies.  UNIX systems and Numerically Intensive Computers are used to generate and/or store the ESI utilizing this software.  The parties agree that they will provide such documents to each other in the same manner in which they provide such documents to their own outside experts; however, the parties agree to meet and confer as proprietary software programs may be implicated prohibiting their disclosure to third parties.

**9.    CLASS ACTIONS**

This action is not a class action.

**10.    RELATED CASES**

To the best of the parties' knowledge, there are no other pending related cases.

**11.    RELIEF**

### a. Plaintiffs' Statement

Plaintiff seeks monetary relief from Defendants in an amount to be determined, which damages will include, but are not limited to, the follow categories and estimates:

1. General and special damages (estimate: $5,450,000) consisting of past and future pain and suffering; past and future ordinary emotional distress; past and future loss of consortium; past and future loss of wages; and past and future medical care.

2. For incidental and other damages, to be determined;

3. For pre- and post-judgment interest as provided by law;

4. For costs of suit; and

5. For all other relief as the Court deems proper.

### b. Defendants' Statement

Defendants do not believe that Plaintiff is entitled to any relief in this matter.

## 12. SETTLEMENT AND ADR

Counsel for Plaintiff and Ford attended the ADR Phone Conference on October 18, 2016 before ADR facilitator Mr. Howard Herman. Counsel for Plaintiff is amendable to ENE or Early Settlement Conference before a Magistrate Judge. Counsel for Ford informed Plaintiff and Mr. Herman that ADR efforts are premature at this juncture given Ford's pending motion to dismiss for lack of personal jurisdiction. The Parties are scheduled to have another ADR Phone Conference to involve counsel for Thieman Tailgates, Inc. on November 7, 2016.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

A Magistrate Judge for all purposes was not consented to by all parties.

## 14. OTHER REFERENCES

The parties agree that this litigation is not suitable for other references at this time.

## 15. NARROWING OF ISSUES

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

## 16. EXPEDITED SCHEDULE

The parties agree that this case should not be handled under an expedited trial procedure.

**17.    SCHEDULING**

Without waiving Ford's objection to personal jurisdiction in this matter, the parties propose the following dates:

| | |
|---|---|
| Fact discovery cutoff | September 15, 2017 |
| Expert discovery cutoff: | November 17, 2017 |
| Expert disclosure: | TBD |
| | |
| Hearing on Dispositive and *Daubert* Motions: | October 5, 2017 |
| Final Pretrial Conference: | January 26, 2018 |
| Trial: | February 13, 2018 |

**18.    TRIAL**

The parties demand trial by jury and expect trial to last 8 court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their Certification of Non-Party Interested Entities or Persons pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and L-R 3-1520.

**PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service via email for all documents, including discovery requests and responses, not served via the Court's e-filing system. The parties agree that the email addresses listed on the Court's e-filing system will be used for service via email. Electronic service shall be effective as per Fed. R. Civ. P. 6(d).

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

1   Date: October 31, 2016                    Respectfully submitted,

2                                             LAW OFFICES OF JOHN R. BOBAY
                                              MICHAEL POLCKI LAW GROUP
3

4                                             By:  ___/s/ Michael J. Plocki_____
                                                      MICHAEL J. PLOCKI
5

6                                             Attorneys for Plaintiff
                                              MICHAEL SULLIVAN
7

8   Date: October 31, 2016                    Respectfully submitted,

9                                             SHOOK, HARDY & BACON L.L.P.

10                                            By:  __/s/ Joan Camagong _____
11                                                    AMIR NASSIHI
                                                      JOAN CAMAGONG
12
                                              Attorneys for Defendant
13                                            FORD MOTOR COMPANY

14  Date: October 31, 2016                    Respectfully submitted,

15                                            LEWIS BRISBOIS BISGAARD & SMITH
                                              LLP
16

17                                            By:  __/s/ Nicole L. Jones_____
18                                                    CHRISTOPHER J. NEVIS
                                                      NICOLE L. JONES
19
                                              Attorneys for Defendant
20                                            THIEMAN TAILGATES, INC.

21

22

23

24

25

26

27

28

## **CASE MANAGEMENT [PROPOSED] ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT  JUDGE TIGAR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILER**

In compliance with Local Rule 5-1(i), the undersigned ECF user whose identification and password are being used to file this document hereby attests that all signatories have concurred in the filing of this document.

Dated:  October 31, 2016                                    */s/ Joan R. Camagong*
                                                                          JOAN R. CAMAGONG

12