1 | JOHN R. BOBAY (SBN: 78993)
jrbobay@pacbell.net
2 | **LAW OFFICES OF JOHN R. BOBAY**
50 Hill Crest Court
3 | San Anselmo, CA 94960
Telephone:    (415) 457-0720
4 | Facsimile:    (415) 366-2228

5 | MICHAEL J. PLOCKI (SBN: 188120)
mplocki@plockilaw.com
6 | **MICHAEL PLOCKI LAW GROUP**
1108 Fifth Avenue, Suite 200
7 | San Rafael, CA 94901
Telephone:    (415) 275-0466
8 | Facsimile:    (415) 329-1451

9 | *Attorneys for Plaintiff*
MICHAEL SULLIVAN
10 |
11 | CHRISTOPHER J. NEVIS, (SBN:162812)
Christopher.Nevis@lewisbrisbois.com
NICOLE L. JONES (SBN: 247152)
12 | Nicole.Jones@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
13 | 333 Bush Street, Suite 1100
San Francisco, California 94104-2872
14 | Telephone: (415) 362-2580
Facsimile: (415) 434-0882

15 |
*Attorneys for Defendant*
16 | THIEMAN TAILGATES, INC.

17 | UNITED STATES DISTRICT COURT

18 | NORTHERN DISTRICT OF CALIFORNIA

19 | SAN FRANCISCO DIVISION

20 | MICHAEL SULLIVAN,    Case No. 3:16-CV-03505-JST

21 |     Plaintiff,

22 |     v.    **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

23 | FORD MOTOR COMPANY; THIEMAN TAILGATES, INC.; and DOES ONE through    Date:    March 8, 2017
24 | FIFTY, Inclusive,    Time:    2:00 p.m.
Location:    Courtroom 9, 19th Floor
25 |     Defendants.

26 |
27 |
28 |

4850-9254-4579.1

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

## 1.    JURISDICTION AND SERVICE

This case involves negligence and product liability claims against Ford Motor Company ("Ford") and Thieman Tailgates, Inc. ("Thieman") based on injuries Plaintiff sustained in California due to an alleged malfunction in the subject Ford truck and Thieman lift gate. Both Ford and Thieman have been served. Ford successfully brought a Motion to Dismiss based on lack of personal jurisdiction, and is no longer a party.

This Court has subject matter jurisdiction under 28 U.S.C. Section 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. Thieman does not dispute jurisdiction and has filed an Answer.

## 2.    FACTS

### a.    Plaintiff's Statement

Plaintiff Michael Sullivan suffered catastrophic, leg crushing injuries while delivering food supplies to inmates at the Santa Rita prison facility in Dublin, California, on or about April 25, 2014. The products which caused and/or contributed to Plaintiff's injuries include, but are not limited to, a Ford Motor Company Diesel Truck and a Thieman Tailgates, Inc. lift gate, attached to said Ford Truck. While exiting the back end or cargo area of the Ford Truck, Plaintiff was standing on the lift gate waiting to be lowered to the ground, when suddenly and without warning the Ford Truck and the Thieman lift gate malfunctioned. The metal plates of said lift gate opened up causing Plaintiff to drop several feet downward. Plaintiff's legs became trapped and/or wedged between the metal plates, resulting in serious physical injuries to Plaintiff's lower extremities, spine, and torso.

### c.    Thieman's Statement

Thieman denies that its lift gate was defective, or that a defect to the lift gate caused Plaintiff's damages. Thieman contends to the extent the incident was caused by a defect to the lift

gate, it was the result of improper installation and/or maintenance of the lift gate, which was manufactured and sold to a third party in 1997. Thieman further contends Plaintiff has comparative fault for the cause of the incident.

**3.    LEGAL ISSUES**

a.    Whether the subject truck was defectively designed and/or manufactured when first sold.

b.    If a design and/or manufacturing defect of the subject truck is found, whether such defect was a legal cause of Plaintiff's damages.

c.    Whether the subject lift gate was defectively designed and/or manufactured when first sold.

d.    If a design and/or manufacturing defect of the subject lift gate is found, whether such defect was a legal cause of Plaintiff's damages.

e.    Whether the subject lift gate was improperly installed on the subject truck.

f.    If improper installation is found, whether it was a legal cause of Plaintiff's damages.

g.    Whether the subject lift gate was improperly maintained.

h.    If improper maintenance is found, whether it was a legal cause of Plaintiff's damages.

i.    Whether Plaintiff assumed the risk of injury.

j.    Whether Plaintiff was comparatively negligent.

k.    Whether Plaintiff's damages were caused by superseding and/or intervening causes.

l    Whether the subject lift gate was modified or misused.

m.    Whether any modifications or misuse were the proximate cause of Plaintiff's damages.

n.    Whether the parties are entitled to costs or any other relief the Court deems appropriate.

**4.    MOTIONS**

Ford's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction was granted. Plaintiff anticipates filing a motion for leave to amend to file a Second

4850-9254-4579.1
3
363169 v1

1    Amended Complaint to name maintenance entities. Likely, such an amendment will destroy

2    diversity, in which case Plaintiff will move for remand. Thieman anticipates filing a motion for leave

3    to amend to file a cross-complaint to add the installer and/or maintenance entities as cross-

4    defendants. The parties will meet and confer further, and may agree to stipulate as to the filing of the

5    Second Amended Complaint and Cross-Complaint.

6    **5.      AMENDMENT OF PLEADINGS**

7         Plaintiff filed his First Amended Complaint on July 29, 2016. Plaintiff intends to amend the

8    complaint to conform with the facts adduced through the course of proceedings herein, specifically,

9    Plaintiff anticipates it will seek leave to add the maintenance entities as defendants. Thieman

10   anticipates it will file a Cross-Complaint to name the installer and/or maintenance entities as cross-

11   defendants.

12   **6.      EVIDENCE PRESERVATION**

13        Plaintiff and Thieman participated in a Rule 26(f) conference on October 19, 2016, and filed

14   their report on October 21, 2016.

15        The parties are aware of their preservation and discovery obligations under the Federal Rules

16   of Civil Procedure as well as the Standing Order for all Judges of the Northern District dated

17   November 1, 2014 and this Court's Guidelines for the Discovery of Electronically Stored

18   Information ("ESI Guidelines"). The parties have taken reasonable measures to preserve relevant

19   documents, including ESI, that are maintained in locations and systems where such relevant

20   information is likely to be found in accordance with the Rules.

21   **7.      DISCLOSURES**

22        Per Rule 26(a)(1)(C), initial disclosures were due on or before November 2, 2016. Plaintiff

23   and Thieman served their disclosures in compliance with this deadline. Documents disclosed

24   included:

25   By Plaintiff:

26   - Delta Medical Center records (various);
27   - Reports from Dr. Benjamin Busfield, M.D. (various);

28   4850-9254-4579.1
     4

- Reports from Dr. Line Jacques (various);
- Reports from Dr. Anthony Silva (various);
- Kaiser, Antioch medical records (various);
- Trinity Personnel file;
- Workers Compensation file;
- ESI (various);
- Video;
- Photographs (various);  and
- List of witnesses (various).

<u>By Thieman</u>:

- Thieman's primary insurance policy;
- Thieman documents relating to the VL-30 lift gate, including the owners manual, parts list, specifications and measurements/calculations, and testing records.

**8.    DISCOVERY**

Written discovery has commenced between the parties. Both parties have issued multiple subpoenas for medical records of Plaintiff and sales, installation records, and maintenance records for the subject truck and subject lift gate.

Additional discovery will include the depositions of Plaintiff; Thieman's corporate representatives; PMQ for Plaintiff's employer Trinity Services Group, Inc., and/or Trinity personnel; and percipient witnesses (TBD).

**Method of Producing Electronic Discovery**. Electronic discovery shall be produced to the requesting party in the normal and traditional course of producing discovery. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party electronic copies of the documents in a reasonably usable form on CD, DVD, hard drive, by e-mail, or by other electronic means. Production formats may also include drawings in the form of tiff, jpeg, pdf files, etc. and CAD files such as IDEAS files, IDEAS NG files, CATIA, JT files, etc., or various combinations thereof. The parties agree that they will provide such documents to each other in the same manner in which they provide such documents to their own outside experts; however, the parties agree to meet and confer as proprietary software programs may be implicated prohibiting their disclosure to third parties.

4850-9254-4579.1
5

363169 v1

**Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs demonstrates to the Court that the cost is overly burdensome, the following presumption applies: the producing party shall bear all production costs.

**Privileged Data**. The parties agree that there is no duty to include on the privilege log those documents created between listed counsel after the filing of the original complaint in this matter, April 25, 2016, and concerning the subject action. If a party inadvertently produces information that is subject to a claim of privilege, the parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**Electronic Discovery Sources**. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

The parties agree that they will provide such documents to each other in the same manner in which they provide such documents to their own outside experts; however, the parties agree to meet and confer as proprietary software programs may be implicated prohibiting their disclosure to third parties.

**9.    CLASS ACTIONS**

This action is not a class action.

**10.    RELATED CASES**

To the best of the parties' knowledge, there are no other pending related cases.

**11.    RELIEF**

**a.  Plaintiffs' Statement**

Plaintiff seeks monetary relief from Defendants in an amount to be determined, which damages will include, but are not limited to, the follow categories and estimates:

1. General and special damages (estimate exceeds seven figures) consisting of past and future pain and suffering; past and future ordinary emotional distress; past and future loss of consortium; past and future loss of wages; and past and future medical care.

4850-9254-4579.1

6

363169 v1

2. For incidental and other damages, to be determined;

3. For pre- and post-judgment interest as provided by law;

4. For costs of suit; and

5. For all other relief as the Court deems proper.

**b.  Thieman's Statement**

Thieman does not believe that Plaintiff is entitled to any relief in this matter.

**12.    SETTLEMENT AND ADR**

The parties have agreed to early mediation in this matter. Pursuant to discussions with the ADR Phone Conference, the parties have agreed to five potential mediators, as set forth below, and have submitted the names to the ADR department for assignment to a mediator:

1. S. Brick;

2. E. James;

3. R. Luft;

4. M. Penskar; and

5. R. Westerfield.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

A Magistrate Judge for all purposes was not consented to by all parties.

**14.    OTHER REFERENCES**

The parties agree that this litigation is not suitable for other references at this time.

**15.    NARROWING OF ISSUES**

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**16.    EXPEDITED SCHEDULE**

The parties agree that this case should not be handled under an expedited trial procedure.

**17.    SCHEDULING**

The court previously set the following deadlines in its scheduling order:

| | | |
|---|---|---|
| • | April 14, 2017 | Deadline to add parties/amend pleadings |
| • | August 11, 2017 | Fact discovery cutoff |
| • | August 24, 2017 | Deadline to file dispositive/*Daubert* motions |
| • | September 13, 2017 | Expert disclosure |
| • | September 22, 2017 | Supplemental expert disclosure |
| • | October 6, 2017 | Expert discovery cutoff |
| • | January 9, 2018 | Pre-trial conference statements due |
| • | January 19, 2018 | Pre-trial conference |
| • | February 12, 2018 | Trial |

As the documents regarding the installer and maintenance professionals are continuing to trickle in (due to the sale date of the truck and lift gate as 1997, with many entities not keeping records for the entirety of the time period), the parties request the deadline to add parties/amend pleadings be continued to June 14, 2017.

**18.    TRIAL**

The parties demand trial by jury and expect trial to last 8 court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their Certification of Non-Party Interested Entities or Persons pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and L-R 3-15**20.**

**PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service via email for all documents, including discovery requests and responses, not served via the Court's e-filing system. The parties agree that the email addresses listed on the Court's e-filing system will be used for service via email. Electronic service shall be effective as per Fed. R. Civ. P. 6(d).

1    The parties are not aware of any other matters that may facilitate the just, speedy, and

2  inexpensive disposition of this matter at this time.

3

4  Date: February 22, 2017                    Respectfully submitted,

5                                             LAW OFFICES OF JOHN R. BOBAY
                                              MICHAEL POLCKI LAW GROUP

6

7                                             By:    _/s/ Michael J. Plocki_____
                                                      MICHAEL J. PLOCKI

8                                             Attorneys for Plaintiff
                                              MICHAEL SULLIVAN
9

10 Date: February 22, 2017                    Respectfully submitted,

11                                            LEWIS BRISBOIS BISGAARD & SMITH
                                              LLP
12

13                                            By:    _/s/ Nicole L. Jones_____
                                                      CHRISTOPHER J. NEVIS
14                                                    NICOLE L. JONES

15                                            Attorneys for Defendant
                                              THIEMAN TAILGATES, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## FEDERAL COURT PROOF OF SERVICE

2

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,
SAN FRANCISCO DIVISION, CASE NO. 3:16-cv-03505-JST

3

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4

  At the time of service, I was over 18 years of age and not a party to the action.  My business

5

address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.  I am employed in the office
of a member of the bar of this Court at whose direction the service was made.

6

  On February 22, 2017, I served the following document(s):  **JOINT CASE**

7

**MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

8

  I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

9

### SEE ATTACHED SERVICE LIST

10

  The documents were served by the following means:

11

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an

12

agreement of the parties to accept service by e-mail or electronic transmission, I caused the
documents to be sent to the persons at the e-mail addresses listed above.  I did not receive,
within a reasonable time after the transmission, any electronic message or other indication

13

that the transmission was unsuccessful.

14

  I declare under penalty of perjury under the laws of the United States of America and the
State of California that the foregoing is true and correct.

15

16

  Executed on February 22, 2017, at San Francisco, California.

17

18

         */s/ Christine M. Gill*
         Christine M. Gill

19

20

21

22

23

24

25

26

27

28

4850-9254-4579.1
10

363169 v1

1

**SERVICE LIST**
*MICHAEL SULLIVAN v. FORD MOTOR COMPANY, et al.*

2

3

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,**
**SAN FRANCISCO DIVISION, CASE NO. 3:16-cv-03505-JST**

| | |
|---|---|
| Michael J. Plocki, Esq.<br>Michael Plocki Law Group<br>1108 Fifth Avenue, Suite 200<br>San Rafael, CA 94901<br>Telephone:      415-275-0466<br>Facsimile:      415-329-1451<br>Email:      mplocki@plockilaw.com<br>Attorneys for Plaintiff *MICHAEL SULLIVAN* | John R. Bobay, Esq.<br>Law Offices of John R. Bobay<br>50 Hill Crest Court<br>San Anselmo, CA 94960<br>Telephone:      415-457-0720<br>Facsimile:      415-366-2228<br>Email:      jrbobay@pacbell.net<br>Attorneys for Plaintiff *MICHAEL SULLIVAN* |
| Randall D. Haimovici, Esq.<br>Amir Nassihi, Esq.<br>Joan R. Camagong, Esq.<br>Shook, Hardy & Bacon, LLP<br>One Montgomery, Suite 2700<br>San Francisco, CA 94104-2828<br>Telephone:      (415) 544-1900<br>Facsimile:      (415) 391-0281<br>Email:      jcamagong@shb.com<br>Attorneys for Defendant *FORD MOTOR COMPANY* | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4850-9254-4579.1
11

363169 v1