JOHN R. BOBAY (CSB No. 78993)
LAW OFFICES OF JOHN R. BOBAY
50 Hill Crest Court
San Anselmo, CA 94960
TEL: (415) 457.0720
FAX: (415) 366.2228
EMAIL: jrbobay@pacbell.net

MICHAEL J. PLOCKI (CSB No. 188120)
MICHAEL PLOCKI LAW GROUP
1108 Fifth Avenue, Suite 200
San Rafael, CA 94901
TEL: (415) 275.0466
FAX: (415) 329.1451
EMAIL: mplocki@plockilaw.com

Attorneys for Plaintiff
MICHAEL SULLIVAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SULLIVAN, | CASE NO. 3:16-cv-03505-JST |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| THIEMAN TAILGATES, INC., AUTOMOTIVE RENTALS, INC., ARI FLEET LT, FORKLIFT MOBILE, INC., et al., | {DEMAND FOR JURY} |
| Defendants. | |

Plaintiff MICHAEL SULLIVAN hereby files his Second Amended Complaint and alleges as follows:

//

//

## FIRST CLAIM: For Negligence
(CACI §400, *et seq.*; Ca. Evid. Code §669)

### INTRODUCTION:

1.  This Second Amended Complaint for Damages is against Defendant, THIEMAN TAILGATES, INC. (hereinafter "THIEMAN"), an Ohio Corporation duly authorized to do and doing business in California, as a manufacturer and/or distributor of lift gates and related products; Defendant, AUTOMOTIVE RENTALS, INC., a New Jersey Corporation duly authorized to do and doing business in California, as a fleet management service provider; ARI FLEET LT, informed and believed to be a Delaware business trust duly authorized to do and doing business in California, as a fleet management service provider; and Defendant, FORKLIFT MOBILE, INC., a California Corporation duly authorized to do and doing business in California, as a repair and/or maintenance service provider for lift gates and related products.

2.  Plaintiff MICHAEL SULLIVAN was injured at the Santa Rita prison facility in Dublin, California, on or about April 25, 2014. The product which caused and contributed to Plaintiff's injuries includes, but is not limited to, THIEMAN's lift gate with Serial number: T-38418, and each and every component part thereof (hereinafter the "Lift Gate").

### PARTIES:

3.  Plaintiff, MICHAEL SULLIVAN, is an individual who lives and resides in Antioch, California, County of Contra Costa.

4.  Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant THIEMAN was and is a corporation existing under the laws of the State of Ohio, and was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the State of California.

5.  Plaintiff is informed and believes and thereon alleges that the Defendant

THIEMAN is and was engaged in the business of designing, manufacturing, constructing, assembling, inspecting, maintaining, distributing, supplying and selling lift gates, including the subject Lift Gate, and each and every component part thereof, which Defendant knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design for use in the State of California and elsewhere.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant AUTOMOTIVE RENTALS, INC., was and is a corporation existing under the laws of the State of New Jersey, and was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the State of California.

7. Plaintiff is informed and believes and thereon alleges that the Defendant, AUTOMOTIVE RENTALS, INC., is and was engaged in the business of owning, leasing, managing, supervising, inspecting, maintaining and servicing lift gates, including the subject Lift Gate, and each and every component part thereof, which Defendant knew, or in the exercise of reasonable care should have known, presented a dangerous and unreasonable risk of harm to persons, such as Plaintiff, for use in the State of California and elsewhere.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant ARI FLEET LT, was and is a business trust under the laws of the State of Delaware, and was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the State of California.

9. Plaintiff is informed and believes and thereon alleges that the Defendant, ARI FLEET LT is and was engaged in the business of owning, leasing, managing, supervising, inspecting, maintaining and servicing lift gates, including the subject Lift Gate, and each and every component part thereof, which Defendant knew, or in the exercise of reasonable care

should have known, presented a dangerous and unreasonable risk of harm to persons, such as Plaintiff, for use in the State of California and elsewhere.

10. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant FORKLIFT MOBILE, INC., was and is a corporation existing under the laws of the State of California, and was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the State of California.

11. Plaintiff is informed and believes and thereon alleges that the Defendant, FORKLIFT MOBILE, INC., is and was engaged in the business of inspecting, maintaining, repairing and/or servicing lift gates, including the subject Lift Gate, and each and every component part thereof, which Defendant knew, or in the exercise of reasonable care should have known, presented a dangerous and unreasonable risk of harm to persons, such as Plaintiff, for use in the State of California and elsewhere.

**VENUE:**

12. Venue in the San Francisco Division for the Northern District of California is proper pursuant to 28 U.S.C. §1391(b) and under N.D. Cal. R. 3-2(c) and (d) and is founded on the facts that the events giving rise to Plaintiff's injury and causes of action arose in or around Dublin, California, which is within the judicial district for the Northern District of California.

**INTRADISTRICT ASSIGNMENT:**

13. The San Francisco Division for the Northern District of California is the proper venue for this action. Dublin, California, where the events which give rise to the claim is located within the County of Alameda, which is within the judicial district for the Northern District of California.

**FACTUAL ALLEGATIONS**:

14. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13, inclusive, as if fully set forth herein.

15. On or about Friday, April 25, 2014, Plaintiff delivered food products to inmates at the Santa Rita prison in Dublin, California. While exiting the back end or cargo area of a Ford truck, Plaintiff stood on the Lift Gate and waited to be lowered to the ground, when suddenly and without warning the Lift Gate malfunctioned. The metal plates of the Lift Gate opened up causing Plaintiff's legs to drop several feet downward. The Lift Gate then closed causing Plaintiff's legs to become trapped and/or wedged between the metal plates, resulting in serious injuries to Plaintiff's lower extremities, spine, and torso.

16. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant THIEMAN so negligently and carelessly designed, manufactured, constructed, assembled, inspected, maintained, distributed, supplied and/or sold the Lift Gate that it was dangerous and unsafe for its intended uses, and was in total disregard for the safety of Plaintiff so as to proximately and legally cause Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and proximately and legally cause the hereinafter described injuries and damages sustained by the Plaintiff.

17. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant THIEMAN, and/or its authorized agents, designed, manufactured, directed and placed the Lift Gate into the stream of commerce with the expectation that the Lift Gate would be used in the State of California.

18. Plaintiff further alleges that he was injured due to defects in the manufacture and design of the Lift Gate and that the injuries occurred while the Lift Gate was being used in the State of California.

19. Plaintiff further alleges that Defendant THIEMAN failed to warn or provided inadequate warnings and instructions, thereby causing the Lift Gate to be unsafe for ordinary and normal use by members of the public, including Plaintiff.

20. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant, AUTOMOTIVE RENTALS, INC., and/or its authorized agents, so negligently and carelessly owned, leased, managed, supervised, inspected, maintained and/or serviced the Lift Gate that it was dangerous and unsafe for its intended uses, and was in total disregard for the safety of Plaintiff so as to proximately and legally cause Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and proximately and legally cause the hereinafter described injuries and damages sustained by the Plaintiff.

21. Plaintiff further alleges that Defendant, AUTOMOTIVE RENTALS, INC., failed to warn or provided inadequate warnings and instructions, thereby causing the Lift Gate to be unsafe for ordinary and normal use by members of the public, including Plaintiff.

22. Defendant, AUTOMOTIVE RENTALS, INC., knew, or in the exercise of reasonable care, should have known that the Lift Gate presented a dangerous and unreasonable risk of harm to persons, such as Plaintiff, who was lawfully using and/or operating the Lift Gate in the ordinary and normal course of his employment. Defendant negligently failed to maintain, repair, or otherwise take steps either to make the Lift Gate safe or warn Plaintiff of the danger, all of which caused Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and to suffer the injuries and damages hereinafter described. Defendant's failure to prevent, warn of, remedy or protect against said danger created a substantial risk of harm to persons such as Plaintiff.

23. Defendant, AUTOMOTIVE RENTALS, INC., had actual and/or constructive knowledge of the danger for a sufficient time prior to the subject incident to have taken measures

to protect against such danger in that the danger existed for such a period of time and was of such a nature that the Defendant, in the exercise of due care and in the performance of its duty to protect against risk of injury, should have discovered the danger and prevented the injury to Plaintiff.

24. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant, ARI FLEET LT, and/or its authorized agents, so negligently and carelessly owned, leased, managed, supervised, inspected, maintained and/or serviced the Lift Gate that it was dangerous and unsafe for its intended uses, and was in total disregard for the safety of Plaintiff so as to proximately and legally cause Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and proximately and legally cause the hereinafter described injuries and damages sustained by the Plaintiff.

25. Plaintiff further alleges that Defendant, ARI FLEET LT, failed to warn or provided inadequate warnings and instructions, thereby causing the Lift Gate to be unsafe for ordinary and normal use by members of the public, including Plaintiff.

26. Defendant, ARI FLEET LT, knew, or in the exercise of reasonable care, should have known that the Lift Gate presented a dangerous and unreasonable risk of harm to persons, such as Plaintiff, who was lawfully using and/or operating the Lift Gate in the ordinary and normal course of his employment. Defendant negligently failed to maintain, repair, or otherwise take steps either to make the Lift Gate safe or warn Plaintiff of the danger, all of which caused Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and to suffer the injuries and damages hereinafter described. Defendant's failure to prevent, warn of, remedy or protect against said danger created a substantial risk of harm to persons such as Plaintiff.

27. Defendant, ARI FLEET LT, had actual and/or constructive knowledge of the

danger for a sufficient time prior to the subject incident to have taken measures to protect against such danger in that the danger existed for such a period of time and was of such a nature that the Defendant, in the exercise of due care and in the performance of its duty to protect against risk of injury, should have discovered the danger and prevented the injury to Plaintiff.

28. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant, FORKLIFT MOBILE, INC., and/or its authorized agents, so negligently and carelessly inspected, maintained, repaired and/or serviced the Lift Gate that it was dangerous and unsafe for its intended uses, and was in total disregard for the safety of Plaintiff so as to proximately and legally cause Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and proximately and legally cause the hereinafter described injuries and damages sustained by the Plaintiff.

29. Plaintiff further alleges that Defendant, FORKLIFT MOBILE, INC., failed to warn or provided inadequate warnings and instructions, thereby causing the Lift Gate to be unsafe for ordinary and normal use by members of the public, including Plaintiff.

30. Defendant, FORKLIFT MOBILE, INC., knew, or in the exercise of reasonable care, should have known that the Lift Gate presented a dangerous and unreasonable risk of harm to persons, such as Plaintiff, who was lawfully using and/or operating the Lift Gate in the ordinary and normal course of his employment. Defendant negligently failed to maintain, repair, or otherwise take steps either to make the Lift Gate safe or warn Plaintiff of the danger, all of which caused Plaintiff's legs to become trapped and/or wedged between the metal plates of the Lift Gate and to suffer the injuries and damages hereinafter described. Defendant's failure to prevent, warn of, remedy or protect against said danger created a substantial risk of harm to persons such as Plaintiff.

31. Defendant, FORKLIFT MOBILE, INC., had actual and/or constructive

knowledge of the danger for a sufficient time prior to the subject incident to have taken measures to protect against such danger in that the danger existed for such a period of time and was of such a nature that the Defendant, in the exercise of due care and in the performance of its duty to protect against risk of injury, should have discovered the danger and prevented the injury to Plaintiff.

32. At no time did Plaintiff know or have reason to suspect that the Lift Gate and its component parts were dangerous or unsafe for ordinary and normal use.

33. As a proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff sustained severe personal injuries, including, but not limited to, a crushed lower left leg, left foot drop, compartment syndrome, peroneal neuropathy, bilateral lower extremities, hip, and spine, and underwent a course of pain and suffering and has sustained general and special damages in an amount that, Plaintiff is informed and believes, will exceed $1,000,000.

34. As a proximate and legal result of the negligence Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff was and will be required to employ physicians, surgeons, radiologists, orthopedists, neurologists, psychiatrists, and other specialists, hospitals, laboratories, physical therapists, laboratory technicians and other medical personnel, and incurred expenses therefor to examine, treat and care for his, and incurred additional medical expense for, hospital bills, medication, and other incidental medical expenses. Plaintiff is informed and believes that such damages will exceed $100,000 by the time of trial.

35. As a further proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and

Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff has been deprived of his earnings and earning capacity and will in the future be deprived thereof. Plaintiff is informed and believes that such damages will exceed $100,000 by the time of trial.

36. As a further proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff has been and will be unable to attend to his usual domestic responsibilities requiring him to retain the services of others and third parties to perform those duties which he would otherwise normally perform himself, all to his further damage. Plaintiff is informed and believes that such damages will exceed $50,000 by the time of trial.

37. As a further proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff has been and will be unable to participate and enjoy normal activities, and has sustained the loss of his recreational days, activities and other pecuniary losses, all to his further damage. Plaintiff is informed and believes that such damages will exceed $50,000 by the time of trial.

38. As a further proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff has sustained and will sustain serious and permanent injuries to his left lower leg, left foot, hip, spine, strength, and activity, severe shock to his nervous system and person, including but not limited to the loss of the use of his left leg and foot, and was caused to suffer extreme and excruciating physical, psychiatric and mental pain.

39. As a further proximate and legal result of the negligence of Defendant

THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff has suffered and continues to suffer extreme anxiety, which has severely impacted his life and caused the loss of his enjoyment of life. The Plaintiff is informed and believes and thereon alleges that said injuries will result in permanent disability, all to his general damage.

40. As a further proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff has suffered and continues to suffer serious emotional and psychiatric distress, including fright, horror, nervousness, grief, anxiety, shock, worry, humiliation, shame, and mental anguish, all to his further damage. The amount of Plaintiff's damages will be ascertained at trial.

41. As a further proximate and legal result of the negligence of Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., and the resulting impact, Plaintiff claims prejudgment interest.

### SECOND CLAIM: For Strict Product Liability
(CACI §1200, *et seq.*)

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant THIEMAN designed, manufactured, distributed, sold, supplied, leased and/or furnished the aforementioned Lift Gate, and its component parts, to Plaintiff's employer knowing that they would be used by persons such as Plaintiff without inspection for defects.

44. Plaintiff further alleges that the Lift Gate and its component parts were not fit for

their intended use in that they were defective as to design and manufacture, including but not limited to such defects as the Lift Gate failed to operate properly, and malfunctioned.

45. Defendant THIEMAN failed to warn or provided inadequate warnings, thereby causing the Lift Gate to be unsafe for ordinary and normal use by members of the public, including Plaintiff.

46. The Lift Gate and its component parts, furnished by Defendant THIEMAN, failed to perform in a manner ordinarily and normally expected of it by the average consumer.

47. At all times material hereto, the Lift Gate and its component parts were being used in the manner in which they were intended to be used and/or misused in a manner which was reasonably foreseeable by Defendant THIEMAN.

48. At no time did Plaintiff know or have reason to suspect that the Lift Gate and its component parts were dangerous or unsafe for ordinary and normal use.

49. As a proximate and legal result of the defects in the Lift Gate and its component parts, Plaintiff was caused to suffer the injuries and damages previously set forth herein.

### THIRD CLAIM: For Negligent Infliction of Emotional Distress
(CACI §1620)

50. Plaintiff re-alleges, and incorporates herein by reference, each and every allegation contained in Paragraphs 1 through 49.

51. At all relevant times, Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., owed affirmative duties to avoid foreseeable damages and injuries to Plaintiff. Defendants knew, or reasonably should have known, that their acts and omissions created an unreasonable

risk of harm to Plaintiff.

52.  Defendants breached their duties to Plaintiff by the acts and omissions hereinabove alleged.  As a proximate and legal result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer serious emotional and psychiatric distress, including anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, all to his general and special damages in amounts to be shown according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant THIEMAN, Defendant, AUTOMOTIVE RENTALS, INC., Defendant, ARI FLEET LT, and Defendant, FORKLIFT MOBILE, INC., as follows:

1. That the Defendants, and each of them, be adjudged liable to the Plaintiff for general and special damages, incidental expenses, and other damages in excess of $1,000,000;

2. That the Defendants, and each of them, be adjudged liable to the Plaintiff for pre- and post-judgment interest as provided by law, until paid;

3. That the Defendants, and each of them, be adjudged liable to the Plaintiff for costs of suit herein incurred; and

4. For such other and further relief as this Court may deem proper.

Dated:  March 1, 2017

LAW OFFICES OF JOHN R. BOBAY
MICHAEL PLOCKI LAW GROUP
Attorneys for Plaintiff
MICHAEL SULLIVAN

By: /s/ Michael J. Plocki
MICHAEL J. PLOCKI

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all claims for which a jury is permitted.

Dated: March 1, 2017

LAW OFFICES OF JOHN R. BOBAY
MICHAEL PLOCKI LAW GROUP
Attorneys for Plaintiff
MICHAEL SULLIVAN

By: */s/ Michael J. Plocki*
MICHAEL J. PLOCKI